Joseph A. Suozzi, J.
This is an action by a contract vendee of a house to be built in a 300-home development, for judgment granting the plaintiff a lien against the premises and asking that the lien be satisfied out of the proceeds of a foreclosure sale. Plaintiff seeks to have the lien established at $2,000, plus interest and costs, plus $500 for attorney’s fees.
The court finds that plaintiff entered into a written contract with defendant Surf Drive on April 30,1960, to purchase a home on filled land, then owned by defendant Plarbor Lane in Bellmore. The contract provided that the deed would be delivered on or *255 about August 30, 1961, the purchaser having given $2,000 on account of the total price of $19,990, with the balance due on the closing date.
The proof reveals that on September 1,1961 plaintiff demanded a return of the contract payment of $2,000 because of defendant’s failure to close title on August 30 pursuant to the contract. Defendant failed to return the money, and on November 14, 1961 this suit was commenced.
Defendant contends that since time was not of the essence of the contract, its failure to deliver a deed on August 30 was not a breach of the contract, and that it was entitled to a reasonable adjournment of the closing date both under the general case law and by the terms of the contract itself. The court concurs with this view, but it is not conclusive of the ultimate determination herein. Several other factors must be considered.
It is clear that under the terms of the contract, title could not close until a certificate of occupancy was issued to defendant. The evidence reveals that no certificate of occupancy had been issued as late as May, 1962, some eight months after the closing date scheduled in the contract. It does appear from the evidence that a certificate of occupancy could have been obtained in January, 1962 with some minor work by defendant — but even this was four months after the original closing date.
Defendant showed that the Winter of 1960-1961 was a severe one, and that there was a cement strike in the Summer of 1961. These are factors that mitigate against the extent of the delay, but under all the circumstances the court finds that defendant was not ready to convey title pursuant to the terms of the contract within a reasonable time after August 30, 1961. It must be borne in mind that defendant had 16 months from the date of contract to prepare for events that, to some extent at least, should have been anticipated. Defendant, in its own trial memorandum, states that ‘1 under these conditions, a reasonable adjournment would be at least two months.” As stated, the court agrees with this contention, but finds as a fact that defendant could not have conveyed title within two months and, at best, could have closed four months after the date specified in the contract.
Even accepting defendant’s argument that plaintiff, by silence, acquiesced in having a closing “ sometime in October ” of 1961 after receiving defendant’s letter of July 7, 1961, the evidence convinces the court that defendant would not have been able to close in October or within a reasonable time thereafter.
Defendant has attempted to show that the reason plaintiff nought to cancel this contract was their impending transfer to *256 another State — a fact of which it became aware in August, 1961. It may be that this was a motivating factor in causing plaintiff to cancel on September 1, but we do not find that it constitutes a sufficient legal defense in the light of defendant’s total inability to perform its obligations under the contract anywhere near the time specified.
Plaintiff’s claim for $500 in attorney’s fees is dismissed. We do not find that defendants acted in bad faith or that their failures in this transaction were willful and deliberate, as those terms are defined in Mokar Props. Corp. v. Hall (6 A D 2d 536). We, therefore, hold that plaintiff is limited to the return of his down payment as provided in paragraph 11 of the contract, plus interest from December 1, 1961, which we hold to be a reasonable time after the promised closing date of October, 1961.
Accordingly, plaintiff is granted judgment against the defendants in the sum of $2,000, plus interest from December 1, 1961, and shall have a lien upon the premises for that sum (see Chandler v. Ar-Beth Homes, 130 N. Y. S. 2d 124).